UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA,

-against-

JONATHAN COTTO

         Petitioner.

------------------------------------x

MEMORANDUM DECISION
AND ORDER

20 Civ. 6025 (GBD)

GEORGE B. DANIELS, United States District Judge:

**INTRODUCTION**

*Pro se* petitioner Jonathan Cotto seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for attempted murder in the second degree following a jury trial in New York State Supreme Court where he was sentenced to sixteen years imprisonment. *See* Report and Recommendation ("Report"), ECF No. 19, at 1. The Appellate Division affirmed his conviction on May 28, 2019. (Report at 12). On August 27, 2019 the New York State Court of Appeals denied petitioner's application for leave to appeal. (*Id.*) Petitioner seeks to challenge his conviction and sentence on the grounds that (1) the trial court erred when it instructed the jury that petitioner was under a duty to retreat before using deadly force; (2) the trial court's decision to admit testimony about a telephone call between Noelia Suarez and a man the prosecution alleged was the petitioner was an abuse of discretion; and (3) his sentence of sixteen years following trial was excessive and amounted to a penalty for exercising his constitutional right to trial. (Report at 10, 16-20).

Before this Court is Magistrate Judge Steward D. Aaron's May 3, 2021 Report and Recommendation (the "Report"), recommending that this Court deny the petition. (Report at 24.) Magistrate Judge Aaron advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 24). Petitioner filed untimely objections on July 30, 2021. (Pet'r's Objs. to the Magistrate Judge's R. & R. ("Pet'r's Objs."), ECF No. 21). Having reviewed Magistrate Judge Aaron's Report, as well as petitioner's objections, this Court ADOPTS the Report in full and overrules Petitioner's objections. Accordingly, the Petition is DENIED.

## I. FACTUAL BACKGROUND

On March 9, 2015 Petitioner appeared before Judge Michael Gross, where the prosecutor recommended a pre-trial sentence of fifteen years of incarceration with five years of post-supervision. (Report at 5). Judge Gross informed petitioner that he could face twenty-five years of incarceration with five years post-release supervision if convicted, and the petitioner confirmed that he understood. (Report at 5). On March 10, 2015 the court offered a sentence of ten years. (Report at 6). Petitioner declined the pre-trial offer, informing the court that he wished to proceed to trial. (*Id.*).

On March 18, 2015 the trial court held an authentication hearing for the phone call. (Report at 6). Judge Gross held that the phone call was authenticated, and that the speaker was petitioner. (Report at 7). Judge Gross applied New York State law and concluded that the testimony at trial permitted the inference that it would be improbable that the voice belonged to anyone other than petitioner. (Report at 7).

Petitioner was tried by a jury before Judge Gross in New York State Supreme Court, Bronx County, which commenced on March 19, 2015. (Report at 7). At the charging conference,

petitioner objected to the justification language in the jury charge. (Report at 8). Petitioner contended that he did not have a duty to retreat, and that a jury instruction including the duty to retreat would mislead the jury. (Report at 8). The trial court denied petitioner's objection, finding that the jury could carefully consider that the petitioner would not be justified in using deadly force if he knew that he could safety retreat. (Report at 8-9).

Petitioner was convicted of Attempted Murder in the Second Degree (ECF No. 15 at 1274); (Report at 7). Petitioner was sentenced to sixteen years of incarceration on April 14, 2015. (S. Tr. 43)[1]; (Report at 9). On or about September 28, 2018, petitioner through assigned counsel filed a direct appeal claiming: "(1) the trial court committed multiple reversable errors when it instructed the jury that Cotto was under a duty to retreat before using deadly force; (2) the trial court abused its discretion when it admitted testimony about a telephone call between Suarez and a man the prosecution alleged was Cotto; and (3) Cotto's sentence of sixteen years should be reduced since the trial court offered Cotto a sentence of ten years immediately prior to trial, and his sentence amounts to a penalty for exercising his Constitutional right to a trial." (Report at 10)(citing Pet. Appellate Brief, ECF No. 12-1, at 36-59).

In an objection to Magistrate Judge Aaron's Report, petitioner first asserts that the trial courts jury instruction that petitioner was under a duty to retreat before using deadly force was improper. (Pet'r's Objs. at 3-5). Second, petitioner alleges that the court's denial of a sentence reduction amounted to an excessive sentence (Pet'r's Objs. at 6).

## II.   LEGAL STANDARDS

### A. Report and Recommendations

This Court may "accept, reject or modify, in whole or in part, the findings and

---

[1] The April 14, 2015 sentencing transcript ("S. Tr.) is filed at ECF No. 15 at PDF pages 1279-1342.

3

recommendations set forth in a magistrate judge's report." *James v. Capra*, 19-CIV-6966(GBD)-(KNF), 2020 WL 3100210, at *2 (S.D.N.Y. June 11, 2020) (citing 28 U.S.C. § 636(b)(1)). If a party asserts a proper objection to a magistrate judge's report, the court "must review *de novo* the portions of a magistrate judge's report to which a party properly objects." 28 U.S.C. § 636(b)(1)(C). However, the court is not required "hold a *de novo* hearing of the case." *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980). Instead, the court may "arrive at its own, independent conclusions" regarding petitioner's objections. *Nelson v. Smith*, 618 F.Supp. 1186, 1189–90 (S.D.N.Y.1985) (quoting *Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir.1983)).

"Portions of a magistrate judge's report to which no or 'merely perfunctory' objections are made are reviewed for clear error." *Rodriguez v. Uhler*, 15-CIV-9297(GBD)(DF), 2018 WL 1633568, at *1 (S.D.N.Y. Apr. 3, 2018)(citing *Edwards v. Fischer*, 414 F.Supp.2d 342, 346-47 (S.D.N.Y. 2006). Clear error arises when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006). "The clear error standard also applies if a party's objections are improper—because they are conclusory, general, or simply rehash or reiterate the original briefs to the magistrate judge." *Molemohi v. New York*, 18-CIV-9740(GBD)(JLC), 2020 WL 1303560, at *2 (S.D.N.Y. Mar. 19, 2020)(citations omitted). All of Petitioner's objections are subject to clear error review since his objections "are conclusory, general, or simply rehash or reiterate the original briefs to the magistrate judge." *Molemohi v. New York*, 18-CIV-9740(GBD)(JLC), 2020 WL 1303560, at *2 (S.D.N.Y. Mar. 19, 2020).

### B. Writ of Habeas Corpus

Federal courts may not grant a writ of habeas corpus as to any claim adjudicated on the merits in state court unless the state court's adjudication:

4

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*James v. Capra*, 19-CIV-6966(GBD)(KNF), 2020 WL 3100210, at *2 (S.D.N.Y. June 11, 2020) (citing 28 U.S.C. § 2254(d)(1)-(2)). The source of clearly established law is restricted to the Supreme Court's jurisprudence. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Petitioner must exhaust his claims before bringing a habeas petition. *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) (citing 28 U.S.C. § 2254(b)(1)(A)).

### C. *Pro Se* Litigants

Courts must liberally construe a "*pro se* petition 'to raise the strongest arguments' it suggests." *Molemohi v. New York*, 18-CV-9740(GBD)(JLC), 2019 WL 4941678, at *3, n.5 (S.D.N.Y. Oct. 8, 2019)(quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006)). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### III. THE REPORT IS ADOPTED

After a complete review of the relevant legal standards and facts at issue, Magistrate Judge Aaron correctly determined that denial of petitioner's writ of habeas corpus is appropriate. Magistrate Judge Aaron correctly found that petitioner's first ground for habeas relief is without merit because the state trial court's jury instructions did not raise a federal constitutional question. (Report at 16). Magistrate Judge Aaron correctly found that petitioner's second ground for habeas relief is without merit because the trial court's admission of the phone call was consistent with New York State law. (Report at 19). Magistrate Judge Aaron also correctly found that petitioner's

third ground for habeas relied is without merit because petitioner failed to demonstrate that the Appellate Division's finding that his sentence was not excessive was unreasonable. (Report at 21). Petitioner objected to Magistrate Judge Aaron's findings. (Pet'r's Objs. at 3-6).

## A. Ground 1 Fails Because Petitioner's Due Process Rights Were Not Violated by the Trial Court's Jury Instructions

Magistrate Judge Aaron properly determined that petitioner's claims regarding the state trial court's jury instructions is not subject to habeas review. (Report at 16). Magistrate Judge Aaron determined that petitioner's arguments concern only the contents of the charge, which is a matter of state law and not subject to federal court review. *Gonzalez v. Cunningham*, 670 F. Supp. 2d 254, 263 (S.D.N.Y. 2009) (citing *DiGuglielmo*, 366 F.3d at 136-37). Moreover, as Magistrate Judge Aaron noted in the Report, the Appellate Division reviewed the contents of the jury charge on direct appeal and found that the trial court "providently exercised its discretion when it included the concept of the duty to retreat in its justification charge." *People v. Cotto*, 172 A.D.3d 595, 596 (1st Dept. 2019), *lv to appeal denied*, 34 N.Y.3d 929 (2019). Petitioner objects to this finding, arguing that the trial court's jury instruction misstated state law and deprived him of a fair trial. (Pet'r's Objs. at 3-6). However, Petitioner made this same argument to Magistrate Judge Aaron, (*See* Pet at 5-7), which was rejected because Petitioner failed to cite to any federal law holding that the trial and appellate court's decision was improper. Accordingly, a determination that petitioner was denied a fair trial based on the trial court's instruction to the jury is not warranted under the federal habeas corpus review.

## B. Ground 2 Fails Because Admission of the Testimony Between Suaraz and The Man the Prosecution Alleged Was Petitioner Did Not Deny Petitioner a Fair Trial

Magistrate Judge Aaron properly determined that the trial court's admission of the phone call is not subject to habeas review. (Report at 18). Petitioner failed to cite to any established

6

federal law contrary to the appellate court's holding that Petitioner's right to fair trial was not impaired due to the admission of the phone call. (Report at 18-20). The Supreme Court has emphasized that federal habeas courts should refrain from reexamining state court determinations and limit habeas review to whether "a conviction violated the [C]onstitution, laws, or treaties of the United States." *Butler v. Cunningham*, 313 F. App'x 400, 401 (2d. Cir. 2009) (quoting *Estelle*, 502 U.S. at 68).

Moreover, Magistrate Judge Aaron properly determined that even if the phone call was admitted in error, any error did not rise to the level of a due process violation. (Report at 20) The overwhelming evidence of guilt presented at trial did not render the telephone conversation evidence sufficiently material to provide the basis for the conviction. (Report at 20). *See Williams v. Jacobson*, No. 15-CV-05319 (ER) (JLC), 2016 WL 4154700, at *13 (S.D.N.Y. Aug. 5, 2016). Therefore, even if the phone call was admitted in error, a determination that petitioner was denied a fair trial is not warranted under federal habeas corpus review. (Report at 18).

### C. Ground 3 Fails Because Petitioner's Sentence Was Not Excessive

Magistrate Judge Aaron properly concluded that Petitioner's excessive sentence claim fails. (Report at 20-22).[2] The Appellate Division considered and "perceive[d] no basis for reducing the sentence." *People v. Cotto*, 172 A.D.3d at 596. Furthermore, Magistrate Judge Aaron correctly found that Petitioner did not demonstrate that his sentence exceeds the statutory range prescribed by state law. (Report at 22). Petitioner objects to Magistrate Judge Aaron's Ground Three finding, arguing that the Appellate Division "failed to apply any factual basis or law for denying a reduction of sentence." (Pet'r's Objs. at 6). However, a "petitioners post-trial sentence

---

[2] Magistrate Judge Aaron also correctly found that Petitioner had did not exhaust this claim because he failed to raise it in his application for leave to appeal his sentence to the New York Court of Appeals. (Report at 21.)

7

is not unconstitutional simply because it exceeds a plea offer." *Scott v. Graham*, No 16-CV-02372(KPF)(JLC), 2018 WL 5257613, at *20 (S.D.N.Y. Oct. 22, 2018)(quoting *North Carolina v. Pearce*, 395 U.S. 711, 725 (1969), *overruled on other grounds*; *Alabama v. Smith*, 490 U.S. 794 (1989)). Therefore, this court affirms Magistrate Judge Aaron's finding that petitioner's sentencing was not an unreasonable application of federal law. (Report at 23).

I. **CONCLUSION**

Magistrate Judge Aaron's Report is ADOPTED. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), is DENIED. The Clerk of the Court is directed to close the motion and this case accordingly. The Clerk of Court is further directed to mail a copy of this memorandum decision and order to Petitioner.

Dated: New York, New York
February 24, 2022

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge